IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DANNY HORSLEY,

            Petitioner,      :      Case No. 1:14-cv-504

- vs -                          District Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

TIMOTHY B. BUCHANAN, Warden,
 Noble Correctional Institution,

                                   :

            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14[1]) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 12). Judge Dlott has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 15).

The Petition pleads two grounds for relief, both relating to denial of Petitioner's Fourth Amendment rights in the state courts. The Report concluded both claims were barred by the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976), as further developed by the Sixth Circuit in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), and *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013).

Horsley objects that he did not have a full and fair opportunity to have his Fourth Amendment claims decided "because the Ohio Court of Appeals for the Fourth District did not render a decision in light of his claims and, instead, ignored those claims, choosing to address an

---

[1] This Court has been accustomed to cite to federal court records by document number ("Doc. No.") However, the Bluebook prescribes use of "ECF No." A Uniform System of Citation, Rule 10.8.3 (20th ed.).

1

argument he had not raised on his fourth amendment claims." (Objections, ECF No. 14, PageID 401.)

In the Report, the Magistrate Judge recited the history of Horsley's Fourth Amendment claims in the Scioto County Common Pleas Court, noting that Horsley properly challenged the seizure of the drug evidence which resulted in his conviction by a motion to suppress, by pleading no contest, and then appealing (Report, ECF No. 12, PageID 388). Horsley makes no claim of impropriety about the trial court process, although, of course, he disagrees with the result.

When Horsley appealed, his attorney filed a document entitled Grounds for Appeal which reads in its entirety "Now comes the Defendant-Appellant, Danny Horsley aka Clyde Lark, by and through the undersigned counsel[2], who hereby state [sic] the reason for the appeal is that the Trial Court erred in failing to sustain Defendant's Motion to Suppress." (State Court Record, ECF No. 8-1, PageID 79.) By the time the Opening Brief was filed, however, Mr. Siewert had been replaced as counsel by Jeffrey Brandt, counsel who represents Horsley in this habeas proceeding. The Opening Brief pleads only one Assignment of Error:

> The Trial Court Erred in Denying Mr. Horsley's Motion to Suppress, as the State Violated His Federal and Ohio Constitutional Rights by Demanding Identification of an Occupant of an Illegally-parked Car and without Reasonable Suspicion to Extend its Investigation beyond the Purpose of the Parking Violation.

*Id.* at PageID 81. In support of that argument, Horsley argued he had standing to raise the Fourth Amendment claims because the State had agreed to standing. *Id.* at PageID 88. He argued that the investigatory stop of the vehicle had been prolonged beyond the time reasonably

---

[2] Attorney Michael Siewert, the same attorney who represented Horsley in the trial court.

needed to complete its purpose. *Id.* at PageID 88-90. He asserted the Fourth Amendment is violated when, in the course of writing a parking citation, the citing officer confronts and demands the identity of a passenger. *Id.* at PageID 90-92. He elaborated that once the citation was written, the stop was illegally extended by demanding to confront someone (Houston) who may have been driving the rented car. *Id.* at PageID 92-94. In the alternative, Horsley argued, even if the officers were justified in approaching Houston, "they unlawfully extended the stop and unlawfully seized him before obtaining consent to search." *Id.* at PageID 94-95. The argument portion of the Opening Brief consumes nine pages.

In his Objections, Horsley claims he "raised four issues on appeal. They were, word for word, as follows:"

> A. The Trial Court Held that Mr. Horsley had Standing to Challenge the Search, the State Did Not Appeal or Cross-Appeal, and the State has Waived Any Challenge to Standing.
>
> B. Mr. Horsley is Not Claiming He was Unlawfully Arrested, and He is Not Asserting the Rights of Another Person.
>
> C. The State Violated Federal and Ohio Constitutional Rights by Illegally Extending its Investigation of a Parking Violation beyond the Purpose of the Investigation.
>
> D. The State Waived any Claim that the Exclusionary Rule Does Not Apply, and Even if Not Waived, the Exclusionary Rule Applies.

(Objections, ECF No. 14, PageID 402.) Although Horsley claims this is a verbatim quotation, he gives no record citation in the Objections. In fact, these four arguments appear in his Reply Brief and are different from the arguments paraphrased above made in the Opening Brief (ECF No. 8-1, PageID 127-28).

Horsley also asserts "the state appellate court falsely claimed that Horsley raised just one

3

argument" and then quotes, as if proving this point "In his sole assignment of error . . . ." Objections, ECF No. 14, PageID 402, quoting page 3 of the slip opinion. Horsley asserts "This was simply untrue." *Id.* at PageID 403. Not so. There is only one Assignment of Error pled in the Opening Brief, by the same attorney who now claims there was more than one.

Appellate practice in Ohio is structured around assignments of error. Ohio Rule of Appellate Procedure 12(A) expressly provides:

> **RULE 12. Determination and Judgment on Appeal**
>
> (A) Determination.
>
> (1) On an undismissed appeal from a trial court, a court of appeals shall do all of the following:
>
> (a) Review and affirm, modify, or reverse the judgment or final order appealed;
>
> (b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App. R. 16, the record on appeal under App. R. 9, and, unless waived, the oral argument under App. R. 21;
>
> (c) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision.
>
> (2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).

That is precisely what the Fourth District did in affirming the conviction. *State v. Horsley,* 2013-Ohio-901, 2013 Ohio App. LEXIS 793 (4th Dist. Feb. 8, 2013). The sole Assignment of Error was that the Common Pleas Court had erred in denying the motion to suppress.

In deciding the sole Assignment of Error, Judge Harsha noted first that Horsley was

4

making arguments in support of his Assignment of Error that he had never raised in his motion to suppress. *Horsley, supra*, at ¶ 9. Nonetheless, because the arguments had been made orally in the hearing on the motion, the court proceeded to decide the Fourth Amendment claim on the merits. It found, as Horsley argued, that the State had conceded he had standing to raise the Fourth Amendment claim. *Id.* at ¶ 11.

Because the precipitating incident was the illegal parking of a rented car and no one was in the car when the police officer began to write the citation, the Fourth District held Horsley could not challenge the search on the basis of an "unconstitutional seizure of his person." *Id.* at ¶ 15. It found Horsley's arguments centered on the unlawfully long detention of co-defendant Houston and therefore was not entitled to relief because

> defendants may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have been violated. *United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). And because Horsley has not alleged a possessory or property interest in the vehicle, he has not established that he had an expectation of privacy in the area searched. *See Rakas*, 439 U.S. at 148-149, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Consequently, he cannot assert that his own Fourth Amendment rights were violated.

*Id.* at ¶ 16. The court went on to reject the Assignment of Error on the alternative ground that the drugs would inevitably have been discovered since the police had a reasonable articulable suspicion that two black males in a late model white car were selling drugs in the area and had sent for a drug dog before either Houston or Horsley appeared on the scene. *Id.* at ¶¶ 17-20.

Horsley claims the Fourth District "recast Horsley's arguments as if he were making claims that his co-defendant's constitutional rights had been violated." (Objections, ECF No. 14, PageID 403.) But that is certainly a reasonable reading of the argument Horsley made in his Opening Brief:

5

> In sum, Hedrick and Timberlake's conduct of demanding to wait or confront someone associated with a parking violation constituted a Fourth Amendment violation before approaching **Houston**. Thus, the constitutional violation occurred when the officers failed to diligently issue the parking citation to the car, well before **Houston** granted any consent to search the car. Accordingly, the trial court erred in finding that the officers "detained Defendant Houston for a reasonable time to perform the routine procedures pertinent to the issuance of" the parking ticket, Trial Document 47, Judgment Entry at 4, and erred by denying the motion to suppress.
>
> 6. Even if the Officers were Justified in Approaching **Houston** as a Part of a Parking Infraction Investigation, they Unlawfully Extended the Stop and Unlawfully Seized Him before Obtaining Consent to Search.
>
> * * *
>
> Even if **Houston** appeared as Hedrick were placing the citation on the car, seeing the person who might have been driving the car did not allow an extension of the parking violation investigation, because everything needed for the parking violation investigation to conclude had occurred. Hedrick admitted that no criminal activity or violation had occurred when **Houston** appeared from a residence. The parking violation had been confirmed, the citation had been written, and the officer had the ability to place the citation on the car.

(Opening Brief, ECF No. 8-1, PageID 93-94.)

The Fourth District did precisely what precedent says must be done: it decided exactly the Assignment of Error Horsley raised – that his Fourth Amendment rights were violated when his motion to suppress was denied. In doing so it ignored irrelevant argument – there was no traffic stop and so arguments about "extending" the stop did not apply.

Horsley also objects to the Magistrate Judge's conclusion that no certificate of appealability should be issued. He argues that *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), recent published Sixth Circuit authority on which the Magistrate Judge relied is itself debatable among reasonable jurists (Objections, ECF No. 14, PageID 405.)

6

This argument touches implicitly on the peculiar current structure of certificate of appealability practice. As originally adopted by Congress, the certificate of appealability was to have been issued by the courts of appeals as expressly provided in the text of 28 U.S.C. § 2253(c), added to the code by the Antiterrorism and Effective Death Penalty Act of 1996. Despite the literal words of the statute, the Sixth Circuit decided shortly after its passage that district courts have the power to issue certificates of appealability under the AEDPA in § 2254 cases and indeed are to be the initial decisionmakers on that question. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc).

In this case, the Magistrate Judge believes that reasonable jurists would not debate that *Good v. Berghuis* states the relevant law and that under that case law, this Court may not reach the merits of Horsley's claim. That of course does not mean reasonable jurists, sitting on the Sixth Circuit, might not disagree with the holding of *Good, supra*, and want to reverse it. But it is not for this Court to suggest that *Good* perhaps should be reversed. To get an appeal on that question, Horsley should persuade the Sixth Circuit. Therefore this Court should deny a certificate of appealability and allow Horsley to seek one from the court of appeals.

**Conclusion**

Having reexamined the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.

July 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).